T.C. Summary Opinion 2011-78

UNITED STATES TAX COURT

KENNETH P. SHANKS, Petitioner, AND
LYDIA L. SHANKS, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24592-09S.              Filed June 29, 2011.

Kenneth P. Shanks, pro se.

Lydia L. Shanks, pro se.

<u>Horace Crump</u>, for respondent.

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other

case.  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

The issue for decision is whether for 2007 petitioner is entitled to relief from joint and several liability under section 6015.

## Background

Kenneth P. Shanks (petitioner) and Lydia L. Shanks (intervenor) (collectively, the Shankses) married in 2000 and separated in 2008.  They have two children.

During 2007 petitioner worked as a produce clerk for Kroger Limited (Kroger), earning $31,077 of wages.  During 2007 intervenor worked for Staffers, Inc. (Staffers), earning $2,778 of wages.  In addition, during 2007 intervenor received $6,776 of nonemployee compensation from ExamOne World Wide, Inc. (ExamOne), and $1,386 of unemployment benefits from the Mississippi Department of Employment Security.  Intervenor deposited her ExamOne earnings and her unemployment benefits in the Shankses' joint checking account, but petitioner did not review the bank records; he relied upon intervenor to keep the bank balances.  Although petitioner knew that intervenor performed services for ExamOne and received unemployment benefits, he did not know the amounts of these items that intervenor received in 2007.

The Shankses filed a joint Federal income tax return for taxable year 2007.  Jackson Hewitt Tax Service prepared the

return using information the Shankses provided.  Petitioner signed the return without reviewing it.  On their joint return the Shankses reported their combined wages from Kroger and Staffers, but they did not report intervenor's nonemployee compensation from ExamOne or her unemployment benefits.  On their joint return the Shankses claimed a $5,926 refund, attributable in part to an earned income credit and additional child tax credit.[1]  The Shankses used the refund to obtain $5,552 in proceeds from a tax refund anticipation loan.  The Shankses shared these proceeds.

Respondent determined a $3,057 deficiency in the Shankses' 2007 Federal income tax.  The deficiency was attributable in part to $957 of self-employment tax on intervenor's unreported nonemployee compensation.  The remaining $2,100 of deficiency represented reductions to the Shankses' earned income credit and additional child tax credit.  These last-mentioned computational adjustments resulted from respondent's increasing the Shankses' income to include intervenor's unreported nonemployee compensation and unemployment benefits.[2]

---

[1]More particularly, on their 2007 joint return the Shankses reported zero total tax, $3,469 of income tax withholding (of which $3,411 represented petitioner's withholding on his wage income and $58 represented intervenor's withholding on her own wage income), a $1,244 earned income credit, and a $1,213 additional child tax credit.

[2]Because of an offsetting increase in the Shankses' child
(continued...)

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due on their aggregate income. Sec. 6013(d)(3). An individual may seek relief from joint and several liability under section 6015, which offers three avenues of possible relief under subsections (b), (c), and (f). In general, section 6015(b) provides full or apportioned relief from joint and several liability with respect to an understatement; section 6015(c) provides proportionate tax relief to divorced or separated taxpayers with respect to a deficiency; and in certain circumstances section 6015(f) provides equitable relief if relief is unavailable under section 6015(b) or (c). An individual against whom a deficiency has been asserted may petition this Court to determine the appropriate relief under section 6015. Sec. 6015(e)(1)(A).[3] In determining the appropriate relief

---

[2](...continued)
tax credit resulting from the inclusion of the unreported income in the Shankses' income, the deficiency reflects no additional tax liability, apart from the items described above.

[3]The parties have stipulated that petitioner made an administrative request for relief under sec. 6015 at the same time that he filed his petition. Cf. Cheshire v. Commissioner, 115 T.C. 183, 192 n.4 (2000) (in the absence of any objection from the Commissioner, treating the raising of sec. 6015 relief in the petition as a timely filed election), affd. 282 F.3d 326 (5th Cir. 2002).

available under section 6015, we apply a de novo scope and standard of review. See Porter v. Commissioner, 132 T.C. 203, 210 (2009).

I.  Section 6015(b) Relief

Under section 6015(b), if certain requirements are met, a requesting spouse may be relieved of joint and several liability from a tax understatement that is attributable to the nonrequesting spouse if, among other requirements, the requesting spouse establishes that he or she "did not know, and had no reason to know" that the other spouse understated that spouse's tax liability on the return. Sec. 6015(b)(1)(C), (2). No relief is available under this provision if the requesting spouse has "actual knowledge of the underlying transaction that produced the omitted income". Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Because petitioner knew that intervenor performed services for ExamOne and received unemployment benefits, he is not entitled to relief under section 6015(b).

II.  Section 6015(c) Relief

A.  Eligibility--the Knowledge Requirement

If various requirements are met, an election under section 6015(c) treats the former spouses as if they had filed separate returns, and each spouse's liability is limited to the portion of the deficiency properly allocable to the electing spouse, as

determined under the rules contained in section 6015(d).  See

sec. 6015(c)(1), (d)(3).  Such an election is generally not valid

if the Secretary demonstrates that the individual making the

election had "actual knowledge, at the time such individual

signed the return, of any item giving rise to a deficiency (or

portion thereof) which is not allocable to such individual under

subsection (d)".  Sec. 6015(c)(3)(C).

In his pretrial memorandum and again at the commencement of

trial respondent's counsel conceded that petitioner was entitled

to elect relief under section 6015(c) with respect to the $957 of

self-employment tax attributable to intervenor's nonemployee

compensation.  In his opening remarks at trial respondent's

counsel explained this concession as being based on a

determination by respondent's Appeals Office that "it could not

be shown that Mr. Shanks had knowledge of the unemployment

benefits * * * and the income from Exam One."  But at the

conclusion of trial respondent's counsel sought to retract this

concession on the ground that petitioner's testimony established

that he had actual knowledge of these omitted items so as to

invalidate his election under section 6015(c).[4]

---

[4]Respondent does not contend that petitioner fails the
requirements for electing relief under sec. 6015(c) in any
respect other than allegedly having actual knowledge of the
omitted income.

### 1. ExamOne Earnings

Because petitioner knew that intervenor performed services for ExamOne, he should have known of this omitted income. But that does not mean he had actual knowledge of it. See Charlton v. Commissioner, 114 T.C. 333, 340-341 (2000) (finding that the requesting spouse lacked actual knowledge of the omitted income from his ex-wife's business even though he knew of the business and had access to her business records but never checked them to determine whether she had accounted for all her income). Petitioner testified credibly that although intervenor deposited her ExamOne earnings in their joint checking account, he did not know the amounts of these deposits because he never reviewed the bank accounts, entrusting that task to her. Intervenor did not directly contradict this testimony; she testified merely that petitioner had "access" to the joint checking account and "was aware of what was going on." Respondent, who introduced no evidence on this point, has failed to carry his burden of proving that petitioner had actual knowledge of intervenor's omitted earnings from ExamOne. Cf. sec. 1.6015-3(c)(4), Example (4)(iii), Income Tax Regs. (where the requesting spouse knew that the nonrequesting spouse had income from his business but did not know the exact amount, her section 6015(c) election was valid except insofar as she knew the minimum amount of his earnings from the business). Consequently, we disagree with respondent

that petitioner's section 6015(c) election is invalid because petitioner had actual knowledge of intervenor's ExamOne earnings.

### 2. Unemployment Benefits

Petitioner testified that he was aware that intervenor was receiving unemployment benefits in 2007 but did not know the amount. Intervenor, by contrast, testified that petitioner "wasn't aware of the unemployment". Respondent introduced no evidence on this point. On the basis of this sparse record, we conclude that petitioner had at least reason to know of the unemployment benefits. But we need not decide whether petitioner had actual knowledge of the unemployment benefits because, as discussed below, even if he lacked actual knowledge, petitioner has not shown that the portion of the deficiency attributable to the unemployment benefits is not properly allocable to him.[5]

### B. Allocation of Deficiency

Generally, a spouse who is eligible for relief under section 6015(c) is allocated a portion of the joint return deficiency in proportion to the net amount of items taken into account in computing the deficiency that is allocable to the electing spouse. Sec. 6015(d)(1). As an exception to this general rule, two types of items are treated separately in making this

---

[5]Furthermore, as discussed infra, for purposes of our analysis of whether petitioner is entitled to equitable relief under sec. 6015(f), it is not determinative whether petitioner had actual knowledge or only reason to know of the unemployment benefits.

allocation, rather than being aggregated with all other items to which the deficiency is attributable: (1) Disallowed credits; and (2) any tax (other than income tax imposed by section 1 or alternative minimum tax imposed by section 55) that is required to be included with the joint return. Sec. 6015(d)(2). Consequently, pursuant to this rule, the disallowed credits and the self-employment tax that make up the Shankses' deficiency are treated separately in allocating the deficiency.

Items giving rise to a deficiency on a joint return are generally allocated as if the spouses had filed separate returns. Sec. 6015(d)(3)(A). Erroneously omitted items of income are allocated to the spouse who was the source of the income. Sec. 1.6015-3(d)(2)(iii), Income Tax Regs. But an erroneous item that otherwise would be allocated to the nonrequesting spouse is allocated to the requesting spouse to the extent that the requesting spouse received a "tax benefit" on the joint return. Sec. 6015(d)(3)(B); sec. 1.6015-3(d)(2)(i), Income Tax Regs.

### 1. Self-Employment Tax on Intervenor's ExamOne Earnings

The omitted income from intervenor's ExamOne earnings is allocated to her; consequently, the $957 of self-employment tax on these earnings is also attributable to her and not to petitioner. Respondent does not contend that petitioner realized any tax benefit on the joint return as relates to this unreported self-employment tax liability. We conclude and hold, consistent

with respondent's original concession, that the $957 of the deficiency that is attributable to intervenor's self-employment tax liability is properly allocable to her and not to petitioner.

### 2. Disallowed Tax Credits

The regulations provide that if a disallowed credit is attributable in whole or part to both spouses, "then the IRS will determine on a case by case basis how such item will be allocated." Sec. 1.6015-3(d)(4)(ii), Income Tax Regs. Respondent has effectively determined that the disallowed credits are to be allocated to both spouses, declining to relieve petitioner of joint and several liability with respect to the disallowed credits.

On the basis of our review of all the facts and circumstances, we conclude that the disallowed credits are properly allocable to both petitioner and intervenor. After all, it was the combination of petitioner's income and intervenor's income (her reported wage income plus her omitted ExamOne earnings and unemployment benefits) that caused their total income to exceed allowable income limits for the earned income credit and additional child tax credit shown on their joint return. Moreover, the Shankses' tax refund was attributable in significant part to the earned income credit and additional child tax credit that respondent has disallowed. Insofar as the record

shows, the Shankses shared equally the benefit of the tax refund, in the form of a tax refund anticipation loan.

Petitioner, as the requesting spouse, bears the burden of proving the portion of the deficiency that is properly allocable to him. See sec. 6015(c)(2); sec. 1.6015-3(d)(3), Income Tax Regs. He has not shown that the portion of the deficiency attributable to the disallowed credits is not properly allocable to him.

III. Section 6015(f) Relief

Because we have held that petitioner is not entitled to relief under section 6015(b) and is entitled to only partial relief under section 6015(c), we finally consider whether he may be eligible for additional relief under section 6015(f). See sec. 6015(f)(2). Section 6015(f)(1) provides that a taxpayer may be relieved from joint and several liability if it is determined, after considering all the facts and circumstances, that it is inequitable to hold the taxpayer liable for the unpaid tax or deficiency.

Rev. Proc. 2003-61, sec. 4.01(1)-(7), 2003-2 C.B. 296, 297, sets out seven threshold conditions that a requesting spouse must meet before the Commissioner will consider a request for relief under section 6015(f). Respondent does not dispute that petitioner meets these threshold conditions.

Rev. Proc. 2003-61, sec. 4.03(2), 2003-2 C.B. at 298, sets forth a nonexclusive list of factors to be evaluated in requests for relief under section 6015 for spouses who have met the threshold conditions.  The factors are:  (1) Marital status, (2) economic hardship that would result absent relief, (3) knowledge or reason to know of the item giving rise to the deficiency,[6] (4) any legal obligation of the nonrequesting spouse to pay the tax liability pursuant to a divorce decree or agreement, (5) significant benefit received by the requesting spouse, (6) the requesting spouse's compliance with income tax laws following the year for which relief is requested, (7) spousal abuse, and (8) the requesting spouse's mental or physical health at the time the return was filed or relief was requested.

Petitioner and intervenor are separated.  This factor weighs in support of equitable relief.  See id. sec. 4.03(2)(a)(i), 2003-2 C.B. at 298.  But, as discussed below, petitioner has failed to establish that any of the other enumerated factors weigh in favor of relief.

---

[6]Under these guidelines, the requesting spouse's actual knowledge of the income giving rise to the deficiency weighs strongly against granting relief.  See Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii)(B), 2003-2 C.B. 296, 298.  Such knowledge may be overcome only if the factors in favor of equitable relief are "particularly compelling."  Id.  By contrast, reason to know of the item giving rise to the deficiency is weighted no more heavily than other factors.  Id.

At a minimum, petitioner had reason to know of intervenor's ExamOne earnings and unemployment benefits. This factor weighs against equitable relief. See id. sec. 4.03(2)(a)(iii)(B), 2003-2 C.B. at 298.

The omission of part of intervenor's income from the Shankses' joint return resulted in a higher tax refund, which petitioner and intervenor shared. Petitioner has not established that he received no significant benefit (beyond normal support) from the understatement. See sec. 1.6015-2(d), Income Tax Regs. (stating that the fact that the spouse received a benefit from the understatement on the return is a factor that may be taken into account in determining whether the spouse significantly benefited from an understatement); Rev. Proc. 2003-61, sec. 4.03(2)(v), 2003-2 C.B. at 299. This factor also weighs against relief.

Petitioner claims he will suffer economic hardship if he is not granted relief because he is caring for his two children. Generally, economic hardship exists if collection of the tax liability will render the taxpayer unable to pay reasonable basic living expenses. See sec. 301.6343-1(b)(4), Proced. & Admin. Regs. Petitioner has made no such showing. This factor weighs against relief. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(ii), 2003-2 C.B. at 298.

Petitioner does not contend and the record does not suggest that intervenor had a legal obligation to pay the outstanding income tax liability pursuant to a divorce decree or agreement. Nor does the record suggest that petitioner was subject to abuse or was in poor mental or physical health either when he signed the 2007 joint return or when he requested relief. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(iv), (b)(i) and (ii), 2003-2 C.B. at 298-299. Finally, the record does not show whether petitioner has been in compliance with the income tax laws for years after 2007.

The totality of the factors discussed above convinces us that it is not inequitable to hold petitioner liable for the part of the deficiency attributable to items other than intervenor's $957 of self-employment tax. Consequently, we hold that petitioner is not entitled to equitable relief under section 6015(f).

To reflect the foregoing,

An appropriate decision will be entered.